IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND : | |
| : | |
| v.    : | Case No. LKG-24-322 |
| : | |
| HENRY TAFARI WHITTINGHAM, : | |
| : | |
| Defendant  : | |

## UNOPPOSED MOTION FOR APPROPRIATE RELIEF REGARDING DETENTION FACILITY

Defendant Henry Whittingham ("Mr. Whittingham"), by and through his counsel, John M. McKenna and Brennan, McKenna & Lawlor, Chtd., respectfully submits this Unopposed Motion for Appropriate Relief Regarding Detention Facility. In support of this Motion, counsel states as follows:

1. Mr. Whittingham is charged by way an Indictment with unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 12.) The charge at issue in this case arises out of the warrantless arrest of Mr. Whittingham by members of the Prince George's County Police Department on May 29, 2024. Mr. Whittingham was initially charged with related Maryland state offenses in the District Court of Maryland for Prince George's County. *See State v. Whittingham*, No. D-05-CR-24-014348. Mr. Whittingham was ordered held without bond. The charges were later forwarded to the Circuit Court

1

for Prince George's County.[1] Mr. Whittingham remained detained in state custody. On October 17, 2024, the Government filed a Criminal Complaint against Mr. Whittingham. On October 21, 2024, Mr. Whittingham made his initial appearance in this Court. After a detention hearing, Mr. Whittingham was ordered detained in this matter. (ECF No. 8.) The Government has produced discovery and extended Mr. Whittingham a formal plea offer. This Court entered an Order tolling time under the Speedy Trial Act through April 15, 2025 in order to allow the parties time to engage in plea discussions. (ECF No. 28.) Mr. Whittingham is currently housed at the Federal Detention Center in Philadelphia, Pennsylvania. At this time, Mr. Whittingham respectfully requests that this Court direct the United States Marshals Service to house Mr. Whittingham at a facility closer to the United States Courthouse in Greenbelt, Maryland.

2.   By way of background, while the related Maryland state matter was pending, Mr. Whittingham was housed at the Prince George's County Detention Center in Upper Marlboro. After Mr. Whittingham was transferred to federal custody, he was housed at the Chesapeake Detention Facility in Baltimore. As the Court knows, CDF houses both federal and Maryland state detainees. Due to security concerns caused by state inmates who were familiar with Mr. Whitingham from

---

[1] The Maryland state charges were ultimately dismissed in favor of federal prosecution. The undersigned counsel represented Mr. Whittingham in the related Prince George's County matter. After Mr. Whittingham was federally charged, counsel accepted an appointment to represent Mr. Whittingham pursuant to the Criminal Justice Act.

when he was serving a prior sentence in the Maryland Division of Corrections, counsel requested that the Marshals Service move Mr. Whittingham out of CDF. The Marshals Service took the matter seriously and moved Mr. Whittingham to the Worcester County jail. Shortly thereafter, Mr. Whittingham was moved to the Federal Detention Center in Philadelphia. Mr. Whittingham has been housed in Philadelphia since mid-December 2024.

      3.      Mr. Whittingham's detention at FDC Philadelphia has worked to the serious detriment of the attorney-client relationship as well as to Mr. Whittingham's rights under the Fifth and Sixth Amendments to the United States Constitution. FDC Philadelphia is located more than 130 miles from counsel's office in Greenbelt. Unlike CDF and the Worcester County jail, FDC Philadelphia does not allow for attorney-client video visits. Unlike CDF and the Worcester County jail, FDC Philadelphia does not routinely provide for secure attorney-client phone calls. Instead, to schedule an unrecorded call with Mr. Whittingham, counsel must call the facility, hope that someone answers (which happens only rarely), and hope that Mr. Whittingham's assigned counselor is present and available to speak (which happens even less often). FDC Philadelphia will not divulge to counsel the email address for Mr. Whittingham's assigned counselor. Accordingly, secure calls cannot be scheduled by way of email correspondence. On those rare occasions when counsel is able to reach the counselor to schedule a call, the call is subject to cancellation

with no notice to counsel. With respect to in-person visits, as far as counsel is aware, FDC Philadelphia does not permit attorneys to reserve visitation time in advance. Defense attorneys are required to show up and hope that visitation space is available. For the undersigned counsel, this policy means that counsel must devote an entire day for the drive to and from Philadelphia with no certainty that a visit will occur. Under these circumstances, it is nearly impossible for counsel to serve as an effective advocate for Mr. Whittingham.

4. Though the charge at issue in this case is not complex, counsel must review the discovery with Mr. Whittingham and discuss the plea offer. Additionally, Mr. Whittingham is facing violation of probation proceedings in the Circuit Court for Prince George's County. Counsel must advise Mr. Whittingham of the significant consequences that a guilty finding in this matter may have in the violation of probation proceeding. In order to accomplish these tasks, counsel must have reasonable access to Mr. Whittingham. It is not reasonable to expect an attorney who has many clients to devote an entire day to drive more four hours roundtrip without the guarantee of being able to meet with a detained client. It is also not reasonable that FDC Philadelphia, unlike most other pretrial detention facilities, does not routinely make attorney-client video visits and calls available.

5. Counsel understands that the Marshals Service must balance facility space limitations with security concerns in selecting facilities for detainees with

cases pending before this Court. Counsel has attempted to work with FDC Philadelphia to obtain reasonable access to Mr. Whittingham while he is housed there. Unfortunately, the facility's conditions have made it nearly impossible for counsel to discharge his duties to Mr. Whittingham in a timely and effective manner. For these reasons, counsel respectfully requests that the Court direct the United States Marshals Service to house Mr. Whittingham at a facility closer to the United States Courthouse in Greenbelt.

6. Counsel has conferred with Special Assistant United States Attorney Brittany Appleby-Rumon regarding this Motion. SAUSA Appleby-Rumon has advised that Government does not oppose Mr. Whittingham's request to be moved closer to counsel and the United States Courthouse in Greenbelt, Maryland.

      Respectfully submitted,

      /s/
      _____
      John M. McKenna
      Brennan, McKenna & Lawlor, Chtd.
      6305 Ivy Lane, Suite 700
      Greenbelt, Maryland 20770
      301-474-0044
      jmckenna@brennanmckenna.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 12, 2025, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland via ECF.

/s/
_____
John M. McKenna