IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *
        *
v.         *     **CRIMINAL NO. DKC-24-322**
        *
HENRY TAFARI WHITTINGHAM,     *
        *
Defendant.         *

        *******

MOTION IN LIMINE REGARDING
STATEMENTS OF THE DEFENDANT

The United States of America, by its undersigned counsel, hereby moves this Court *in limine* to preclude the defendant from introducing, arguing, or mentioning any self-serving statement(s) made by him in or during (1) his post-arrest statements with law enforcement regarding his possession of a firearm; and (2) as applicable, other such evidence as he or the government may seek to introduce—unless a specific exception to this prohibition is deemed applicable based upon the rule of completeness.

In support of this motion, the government states as follows:

1.      As noted above, the defendant made various statements to law enforcement after his arrest minimizing or failing to acknowledge his conduct or its scope or seriousness. The government will not introduce any of the defendant's post-arrest statements in its case-in-chief since the defendant was not *Mirandized* after his arrest. However, the government seeks to preclude the defendant's introduction of self-serving statements through cross examination of another witness, as they constitute impermissible hearsay. *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (holding that trial court did not abuse its discretion in excluding defendant's own statements which the defendant sought to introduce through cross examination of a law enforcement agent).

2.      Any attempt by the defendant to introduce self-serving statement(s) he made would be precluded by Federal Rule of Evidence 802 because such statements are hearsay not covered by any exception.  *See, e.g.*, *United States v. Beltre*, 188 F.3d 503, 1999 WL 638605, at  *1, *2-*3 (4th Cir. 1999) (unpublished) (affirming the district court's decision to prohibit the defense from questioning a witness on cross-examination about an exculpatory portion of a statement, even though other portions of that statement had been covered during direct examination).  As the court observed in *Beltre*, "[t]here is no exception provided in the rules [of evidence] for a self-serving, exculpatory statement made by a party, which is sought for admission by that same party."  *Id.* at *3 (citing Fed. R. Evid. 803, 804; *Wilkerson*, 84 F.3d at 696.  "Rule 801(d)(2) . . . does not extend to a party's attempt to introduce his or her own statements through the testimony of other witnesses."  *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (citing *Wilkerson*, 84 F.3d at 696) (emphasis in original).

3.      The rule of completeness, absent a specific exception to the prohibition against hearsay, does not provide an avenue to introduce otherwise self-serving statements.  *See United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008) (noting that Federal Rule of Evidence 106 neither "'render[s] admissible the evidence which is otherwise inadmissible under the hearsay rules'" nor "require[s] the admission of 'self-serving, exculpatory statements made by a party which are being sought for admission by that same party'") (citing, *e.g.*, *Wilkerson*, 84 F.3d at 696); *United States v. Chiles*, 185 F. App'x 301, 304-05 (4th Cir. 2006) (conducting a similar analysis); *United States v. Meraz*, 663 F. App'x 580, 581-82 (9th Cir. 2016) (same); *United States v. Courtney*, No. 16-117-JWD-EWD, 2017 U.S. Dist. LEXIS 139373, at *13-16 (M.D. La. Aug. 30, 2017) (same).

WHEREFORE, the United States asks that the defendant be precluded from introducing any such self-serving statement(s) into evidence and be precluded from mentioning or referring to any such statement(s) in opening statement, as set forth herein.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____
Lanay Mitchell
Special Assistant United States Attorney

Ranganath Manthripragada
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice of such filing to all users.

\_\_\_\_\_/s/_____
Lanay Mitchell
Special Assistant United States Attorney